*Per Curiam.*    The defect of the process was the plaintiff's mistake, and the defendant was certainly under no obligation to go to trial on it, nor had the plaintiff any right to demand it of him.

Let the defendant take the effect of his motion.

*Bowman*, for the defendant.

*Elmendorf*, for the plaintiff.

———⟐⊕⟐———

## JULY TERM, 1800.

### *Post* v. *Van Dine.*

WRIT returnable *April* term last; declaration filed 6th of *May*; 11th of *June* notice of bail; 13th, exception filed ; on the 11th of *July* the rule for bringing in the body had expired, and the plaintiff refused to accept of additional bail unless they would justify ; on the same day notice of the second bail was given, and an offer made by the defendant to deposit a sum of money to the full amount as security. Two more bail were then put in, with notice of justification on the 19th of *July*, but they now justified in open court. The defendant also swore to merits.

On the above statement of facts a motion was now made for an attachment against the sheriff. *Sellon's Practice*, 214. was cited to show that where a trial is lost, an attachment is to go and to remain as a security ; vide to the same point, 4 *Durn.* & *East*, 352.

July Term,
1800.
On the other side it was said, the case in *Sellon* was where an attachment had already issued.

*Per Curiam.* At the last circuit, there was no time to try a junior cause, so that no trial has in reality been lost. As the defendant has sworn to merits, and as money to the full amount, in lieu of bail, was tendered on the 11th of *July*, and refused, and as bail has since justified, this motion must be denied, but on payment of the costs of the rule to show cause and of the motion, by the sheriff.

*Eacker*, for the plaintiff.
*Walton*, for the defendant.

### *Cole and another* ads. *Stafford.*

IN this case a plea was sent by the mail, and the atttorney for the defendant swore that he believed it was received by the attorney for the plaintiff, who, notwithstanding entered judgment for want of a plea: and now

*Riker*, for the defendant, moved to set the judgment aside for irregularity.

*Wortman*, contra.

*Per Curiam.* As affidavit has been made on the part of the defendant that the plea was sent by mail, and that it is believed it was received; and as the plaintiff's attorney, after receiving a copy of this affidavit, though he makes a counter affidavit several days afterwards, does not deny the reception of the plea, the court will intend that he did receive it.